IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAKA MUHAMMAD,

        Plaintiff,              No. CIV S-07-0375 GEB GGH P

    vs.

DIRECTOR OF CORRECTIONS, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). On June 14, 2007, the court recommended that this action be dismissed for plaintiff's failure to file an in forma pauperis application.  On June 22, 2007, plaintiff filed his application.  Good cause appearing, the findings and recommendations are vacated.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

1  month's income credited to plaintiff's prison trust account.  These payments shall be collected

2  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

3  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4  The court is required to screen complaints brought by prisoners seeking relief

5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9  U.S.C. § 1915A(b)(1),(2).

10  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989); Franklin, 745 F.2d at 1227.

17  A complaint, or portion thereof, should only be dismissed for failure to state a

18  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

19  of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

20  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

21  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

22  a complaint under this standard, the court must accept as true the allegations of the complaint in

23  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

24  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

25  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

26  /////

2

1            Named as defendants are The Director of the California Department of

2    Corrections and Rehabilitation (CDCR), Warden Sisto and Appeals Coordinator Cervantes.

3    Plaintiff alleges that he was issued a mattress that was damaged and had blood and urine stains.

4    Plaintiff alleges that defendant Cervantes failed to respond to his appeals within the time limits

5    provided for in the regulations.

6            The complaint contains no specific allegations against defendants CDCR Director

7    and Warden Sisto.  The Civil Rights Act under which this action was filed provides as follows:

8                     Every person who, under color of [state law] . . . subjects, or causes
                 to be subjected, any citizen of the United States . . . to the

9                     deprivation of any rights, privileges, or immunities secured by the
                 Constitution . . . shall be liable to the party injured in an action at

10                    law, suit in equity, or other proper proceeding for redress.

11   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

12   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

13   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

14   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

15   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

16   omits to perform an act which he is legally required to do that causes the deprivation of which

17   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

18           Moreover, supervisory personnel are generally not liable under § 1983 for the

19   actions of their employees under a theory of respondeat superior and, therefore, when a named

20   defendant holds a supervisorial position, the causal link between him and the claimed

21   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

22   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

23   941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

24   in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

25   Cir. 1982).

26           Because plaintiff has failed to link defendants CDCR Director and Warden Sisto

1  to the alleged deprivations, the claims against these defendants are dismissed with leave to

2  amend.

3          The only specific allegation against defendant Cervantes is that she did not timely

4  process plaintiff's administrative appeal.  Inmates lack a separate constitutional entitlement to a

5  specific grievance procedure.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); see also

6  Mann v. Adams, 855 F.2d 639 (9th Cir. 1988).  Plaintiff's claim that defendant Cervantes did not

7  timely process his appeal does not state a colorable claim.  Accordingly, the claims against

8  defendant Cervantes are dismissed.

9          As to plaintiff's claim that he was provided an unsanitary mattress, prison

10  officials have a duty to ensure that prisoners receive adequate sanitation.  Farmer v. Brennan, 511

11  U.S. 825, 832, 114 S.Ct. 1970 (1994).  A claim that a defendant required plaintiff to sleep on a

12  mattress with urine and blood stains would state a colorable claim.

13          Attached as exhibits to the complaint are copies of responses to plaintiff's

14  administrative appeals regarding the mattress.  According to these responses, plaintiff was

15  offered a used replacement mattress but refused it.  In the amended complaint, plaintiff should

16  address why he refused the replacement mattress.  The court is not likely to find that plaintiff has

17  a constitutional right to a new unused mattress if a clean used mattress is available.

18          Plaintiff is informed that the court cannot refer to a prior pleading in order to

19  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

20  complaint be complete in itself without reference to any prior pleading.  This is because, as a

21  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

22  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

23  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

24  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

25          In accordance with the above, IT IS HEREBY ORDERED that:

26          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

4

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

4.  The June 14, 2007, findings and recommendations are vacated.

DATED: 7/11/07

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

muh375.b