IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAKA MUHAMMAD,

      Plaintiff,                    No. CIV S-07-0375 GEB GGH P

      vs.

DIRECTOR OF CORRECTIONS, et al.,

      Defendants.               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On July 11, 2007, the court dismissed the complaint with leave to amend. On July 25, 2007, plaintiff filed an amended complaint.

        In the original complaint, plaintiff alleged that he was issued a mattress that was damaged and had blood and urine stains on it. The court found that plaintiff had failed to link defendants Sisto and Director of the California Department of Corrections and Rehabilitation (CDCR) to the alleged deprivations.

/////

/////

/////

/////

1

The amended complaint again names as defendants Sisto and Director of the CDCR. Plaintiff alleges that on June 25, 2006, he requested a mattress that did not have blood and urine stains. Plaintiff alleges that the mattress he was offered was in the same condition or worse. Plaintiff again fails to allege how either defendant was involved in his failure to obtain a clean mattress.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The only specific allegation against defendant CDCR Director is that he has control over state correctional facilities. Plaintiff is basing defendant CDCR Director's liability

on the improper theory of respondeat superior.  Accordingly, the claims against this defendant are dismissed.

The only specific allegation against defendant Sisto is that he is responsible for the treatment, training and discipline of inmates under his charge.  These allegations do not sufficiently link defendant Sisto to plaintiff's failure to receive a clean mattress.  Accordingly, the claims against this defendant are dismissed with leave to amend.

If plaintiff files an amended complaint, he must name as defendants those persons responsible for his failure to obtain a clean mattress.  If plaintiff is alleging that he was denied a clean mattress pursuant to a policy, he must name as defendants those persons responsible for the policy.

The amended complaint also does not state that type of relief sought, i.e. monetary, injunctive or declaratory.  On this ground, the amended complaint is dismissed as well.

Accordingly, IT IS HEREBY ORDERED that the amended complaint filed July 25, 2007, is dismissed with thirty days to file a second amended complaint; failure to file a second amended complaint within that time will result in a recommendation of dismissal of this action.

DATED:  8/22/07

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

muh375.ord