1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SHAKA MUHAMMAD,

11          Plaintiff,                         No. CIV S-07-0375 GEB GGH P

12      vs.

13   DIRECTOR OF CORRECTIONS, et al.,

14          Defendants.                        ORDER

15   _____/

16          Pending before the court is plaintiff's January 22, 2008, motion for injunctive

17   relief in which he claims that he is forced to sleep on a contaminated mattress.  On May 1, 2008,

18   defendants filed an opposition to plaintiff's motion.  Defendants state that mattresses found to be

19   contaminated with bodily fluids cannot be used by inmates.  In this situation, inmates are

20   provided with either a new or used replacement mattress, depending on the availability of

21   mattresses at the time.

22          Defendants state that when plaintiff requested a replacement mattress, he was

23   offered an acceptable used mattress that did not have any bodily fluids or bodily fluid stains.

24   According to defendants, plaintiff refused this mattress and demanded a new mattress, which was

25   apparently not available.

26   /////

1

1    On May 19, 2008, plaintiff filed a reply to defendants' opposition.  It was unclear

2  whether plaintiff claimed that he was currently sleeping on a contaminated mattress.

3  Accordingly, the court ordered plaintiff to file a short declaration addressing 1) whether the

4  mattress he is currently sleeping on contains bodily fluids or bodily fluid stains; and 2) whether

5  he refused a replacement mattress that did not contain bodily fluids or bodily fluids or stains.

6    On June 11, 2008, plaintiff filed a declaration stating that the mattress he currently

7  sleeps on contains bodily fluids or bodily fluid stains.  He also states that on June 26, 2006, he

8  requested a mattress that was not contaminated.  Plaintiff states that the mattress offered to him

9  was in the same condition or worse than the mattress he had.

10    Because of the disputed material facts, the court finds that a hearing is required in

11  order to evaluate plaintiff's motion for injunctive relief.  The court now makes the following

12  findings and orders in regard to the evidentiary hearing.

13    A.  Witnesses

14    On or before twenty days prior to the hearing the parties shall provide witness

15  lists.

16    Each party may call any witnesses designated by the other.

17    1.  No other witness will be permitted to testify unless:

18      a.  The party offering the witness demonstrates that the witness is for the

19        purpose of rebutting evidence which could not be reasonably anticipated

20        prior to the evidentiary hearing.

21      b.  The witness was discovered after the exchange of witnesses and the

22        proffering party makes the showing required in "2," below.

23    2.  Within the twenty day period prior to the evidentiary hearing, the parties shall

24      promptly inform the court and opposing parties of the existence of the unlisted

25      witnesses so that the court may consider at the evidentiary hearing whether the

26      witnesses shall be permitted to testify.  The witnesses will not be permitted

1    unless:

2         a.  The witnesses could not reasonably have been discovered prior to the

3         exchange of witness lists;

4         b.  The court and the opposing party were promptly notified upon

5         discovery of the witnesses;

6         c.  If time permitted, the party proffered the witnesses for deposition; or

7         d.  If time did not permit, a reasonable summary of the witnesses'

8         testimony was provided to the opposing party.

9    B.  Exhibits, Schedules and Summaries

10        Both parties shall exchange copies of their exhibits twenty days prior to the

11   evidentiary hearing.  Any objections to exhibits may be raised at the hearing.

12        1.  No other exhibits will be permitted to be introduced unless:

13        a.  The party proffering the exhibit demonstrates that the exhibit is for the

14        purpose of rebutting evidence which could not have been reasonably

15        anticipated, or

16        b.  The exhibit was discovered after the exchange of exhibits and the

17        proffering party makes the showing required in Paragraph "2 " below.

18        2.  Within the ten day period prior to the evidentiary hearing, the parties shall

19   promptly inform the court and opposing party of the existence of such exhibits so

20   that the court may consider their admissibility at the evidentiary hearing.  The

21   exhibits will not be received unless the proffering party demonstrates:

22        a.  The exhibits could not reasonably have been discovered earlier;

23        b.  The court and the opposing party were promptly informed of their

24        existence; or

25        c.  The proffering party forwarded a copy of the exhibit(s) (if physically

26        possible) to the opposing party.  If the exhibit(s) may not be copied the

     proffering party must show that he has made the exhibit(s) reasonably

1    available for inspection by the opposing party.

2         Accordingly, IT IS HEREBY ORDERED that an evidentiary hearing is

3    scheduled for July 30, 2008, at 9:00 a.m. before the undersigned; the parties shall prepare for

4    hearing in accordance with the terms set forth in this order.

5    DATED: 06/20/08

          /s/ Gregory G. Hollows

6    _____

7          GREGORY G. HOLLOWS
          UNITED STATES MAGISTRATE JUDGE

8

9    muh.evi

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26