IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAKA MUHAMMAD,

     Plaintiff,                    No. CIV S-07-0375 GEB GGH P

     vs.

DIRECTOR OF CORRECTIONS, et al.,

     Defendants.            FINDINGS & RECOMMENDATIONS

_____/

     Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Sisto's February 29, 2008, motion to dismiss for failure to state a claim. On May 29, 2008, plaintiff filed an opposition. After carefully considering the record, the court recommends that the motion be granted.

LEGAL STANDARD FOR MOTION TO DISMISS

     In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and

1

Procedure § 1216, pp. 235-236 (3d ed. 2004).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

ANALYSIS

____________This action is proceeding on the second amended complaint filed September 7, 2007. The court ordered service of defendants Sisto, Hines and Nobel. Plaintiff alleges that defendants Hines and Nobel refused to replace his mattress which contained bodily fluid stains. Defendants Hines and Noble have answered the second amended complaint.

1       Defendants move to dismiss the claims against defendant Sisto because the
2 second amended complaint contains no allegations against this defendant.  The Civil Rights Act
3 under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

      Because the second amended complaint does not link defendant Sisto to the alleged deprivations, defendants' motion has merit.

      In his opposition filed May 29, 2008, plaintiff appears to concede that the second amended complaint contains no allegations against defendant Sisto.  Plaintiff suggests that he should be allowed to file a third amended complaint based on several theories set forth in the opposition.

      Plaintiff argues that defendant Sisto is liable for the conduct of defendants Hines and Nobel because he is their supervisor.  However, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of

official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Accordingly, defendant Sisto is not liable for the alleged deprivations caused by the other defendants simply because he is their supervisor.

In his opposition, plaintiff next argues that defendant Sisto is liable for failing to adequately train his staff regarding contaminated mattresses.  In City of Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197 (1989), the Supreme Court held that a municipality may be liable under § 1983 for failing to train its employees.  Supervisors can be liable for a failure to train, as well as municipalities, but the standards are strict:

> Canell argues that Sheriff Skipper was responsible for violations of Canell's constitutional rights because he failed to properly train Officer Lightner. In order to prevail on such a claim, Canell must show that Sheriff Skipper's failure to train amounted to deliberate indifference.... Canell offered no evidence to refute the defendants' contentions that the officer training program for Multnomah County taught that preaching and other proselytizing by officers would unlawfully infringe upon the First Amendment rights of the inmates. Because Canell did not raise a genuine issue of material fact as to whether the training was inadequate or as to whether the inadequacy of training was the result of a 'deliberate' or 'conscious' choice on the part of Sheriff Skipper, the district court's grant of summary judgment was proper. Alexander v. City of San Francisco, 29 F.3d 1355, 1367 (9th Cir.1994).

Canell v. Lichtner, 143 F.3d 1210, 1213-1214 (9th Cir. 1998).

Plaintiff gives no indication that he could allege the facts necessary for a failure to trial claim.  Moreover, the claim is facetious.  Just as one need not be trained not to place known adulterants in food, or contaminate the air with a known toxin, correctional officers need not be trained with respect to not supplying rancid or contaminated mattresses.  It is a matter of common sense.

Plaintiff also suggests that defendant Sisto is liable because he denied plaintiff's administrative appeal regarding the contaminated mattress.  "Although a § 1983 claim has been described as 'a species of tort liability,' Imbler v. Pachtman, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L. Ed. 2d 128, it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." Martinez v. State of California, 444 U.S. 277,

285, 100 S. Ct. 553, 559 (1980).  "Without proximate cause, there is no § 1983 liability."  <u>Van Ort v. Estate of Stanewich</u>, 92 F.3d 831, 837 (9th Cir. 1996).

> The search, which was performed in accordance with this constitutionally valid strip search policy, was subsequently ratified by the School Board when Mr. Williams filed a grievance.  Therefore, Williams' only grasp at evoking municipal liability under § 1983 is to show that this subsequent ratification is sufficient to establish the necessary causation requirements.  Based on the facts, the Board believed Ellington and his colleagues were justified in conducting the search of Williams.  There was no history that the policy had been repeatedly or even sporadically misapplied by school board officials in the past.  Consequently, the School Board cannot be held liable for the ratification of the search in question, because this single, isolated decision can hardly constitute the "moving force" behind the alleged constitutional deprivation.

<u>Williams v. Ellington</u>, 936 F.2d 881, 884-885 (9th Cir. 1991).

This court is unwilling to adopt a rule that anyone involved in adjudicating grievances after the fact is per se potentially liable under a ratification theory.  However, this is not to say that persons involved in adjudicating administrative disputes, or persons to whom complaints are sometimes made, can never be liable under a ratification theory.  If, for example, a reviewing official's rejections of administrative grievances can be construed as an automatic whitewash, which may have led other prison officials to have no concern of ever being reprimanded, a ratifying official may be liable for having put a defective policy in place.

Defendant Sisto's response to plaintiff's appeal does not suggest a whitewash which may have led the other defendants to believe that they could continue to require plaintiff to sleep on contaminated mattresses.  Defendant Sisto recited the relevant policies regarding mattresses and mattress exchanges.  He then stated that if plaintiff's mattress was stained with bodily fluid, ripped or torn, he could obtain a replacement mattress.  Defendant Sisto's response did not ratify a defective policy.

For the reasons discussed above, the court recommends that defendant's motion to dismiss be granted.  Plaintiff is not granted leave to amend for the reasons discussed above.

Accordingly, IT IS HEREBY RECOMMENDED that defendant Sisto's February 29, 2008, motion to dismiss be granted.

1    These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within ten days after service of the objections.  The parties are advised
7  that failure to file objections within the specified time may waive the right to appeal the District
8  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9  DATED:  06/23/08

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

13  muh375.mtd