1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SHAKA MUHAMMAD,

11              Plaintiff,                    No. CIV S-07-0375 GEB GGH P

12       vs.

13   DIRECTOR OF CORRECTIONS, et al.,

14              Defendants.              FINDINGS & RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Pending before the court is plaintiff's January 22, 2008, motion for a

18   preliminary injunction in which he claims that he is forced to sleep on a mattress contaminated

19   by bodily fluids and bodily fluid stains.  On July 30, 2008, an evidentiary hearing was held as to

20   this motion.

21              For the following reasons, the court recommends that plaintiff's motion for

22   injunctive relief be denied.

23   Legal Standard

24              The legal principles applicable to a request for injunctive relief are well

25   established.  To prevail, the moving party must show either a likelihood of success on the merits

26   and the possibility of irreparable injury, or that serious questions are raised and the balance of

1

1   hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122

2   F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374,

3   1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal

4   point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under

5   any formulation of the test, plaintiff must demonstrate that there exists a significant threat of

6   irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the

7   court need not reach the issue of likelihood of success on the merits.  Id.

8          In cases brought by prisoners involving conditions of confinement, any

9   preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

10  harm the court finds requires preliminary relief, and be the least intrusive means necessary to

11  correct the harm."  18 U.S.C. § 3626(a)(2).

12  Analysis

13         On May 1, 2008, defendants filed an opposition to plaintiff's motion.  Defendants

14  stated that mattresses found to be contaminated with bodily fluids cannot be used by inmates.  In

15  this situation, inmates are provided with either a new or used replacement mattress, depending on

16  the availability of mattresses at the time.

17         Defendants stated that when plaintiff requested a replacement mattress, he was

18  offered an acceptable used mattress that did not have any bodily fluids or bodily fluid stains.

19  According to defendants, plaintiff refused this mattress and demanded a new mattress, which was

20  apparently not available.

21         On May 19, 2008, plaintiff filed a reply to defendants' opposition.  It was unclear

22  whether plaintiff claimed that he was currently sleeping on a contaminated mattress.

23  Accordingly, the court ordered plaintiff to file a short declaration addressing 1) whether the

24  mattress he is currently sleeping on contains bodily fluids or bodily fluid stains; and 2) whether

25  he refused a replacement mattress that did not contain bodily fluids or bodily fluids or stains.

26  /////

On June 11, 2008, plaintiff filed a declaration stating that the mattress he currently slept on contained bodily fluids or bodily fluid stains.  He also stated that on June 26, 2006, he requested a mattress that was not contaminated.  Plaintiff stated that the mattress offered to him was in the same condition or worse than the mattress he had.

Because of the disputed material facts, the court ordered the evidentiary hearing.  At the evidentiary hearing, defendants offered as exhibits photographs of the mattress plaintiff currently sleeps on.  This mattress appears to be in relatively good condition with only a few small stains.  To the court, the stains look as if they could have been caused by spilled coffee.  At the hearing, no evidence was offered regarding what actually caused these stains.

At the hearing, plaintiff testified that he did not know what caused the stains.  He testified that he could not smell them (assuming they have any odor at all) because he had sprinkled oil on his mattress and covered it with a blanket and a sheet.  Contrary to his June 11 declaration, he testified that he had brought this present mattress with him from his previous cell to his new cell because it was in fairly good condition.[1]

Because the mattress plaintiff currently sleeps on is in adequate condition, the court finds that plaintiff has failed to demonstrate the existence of a threat of irreparable injury if his motion for injunctive relief is not granted.  Because plaintiff has not demonstrated the threat of irreparable injury, the court need not consider the merits of this action, i.e. whether plaintiff's previous mattresses were contaminated.

\\\\\

---

[1]  The court ordered the evidentiary hearing because plaintiff represented that his present mattress was contaminated with bodily fluids or bodily fluid stains.  After reviewing the photographs of the mattress and hearing the testimony, the court finds it unlikely that the small stains on the mattress are bodily fluids or bodily fluid stains.  While plaintiff testified that based on his experience the stains on his mattress were caused by bodily fluids or bodily fluid stains, the fact that he took his mattress with him to his new cell suggests that he thought otherwise.  Plaintiff is cautioned that Fed. R. Civ. P. 11(b) authorizes the court to sanction parties, including pro se litigants, who make factual contentions that are not supported by a good faith belief in their truth.

1    Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's January 22, 2008

2    (no. 27), motion for a preliminary injunction be denied.

3    These findings and recommendations are submitted to the United States District

4    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

5    days after being served with these findings and recommendations, any party may file written

6    objections with the court and serve a copy on all parties.  Such a document should be captioned

7    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8    shall be served and filed within ten days after service of the objections.  The parties are advised

9    that failure to file objections within the specified time may waive the right to appeal the District

10    Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11    DATED:   08/06/08

/s/ Gregory G. Hollows

12    _____

13    UNITED STATES MAGISTRATE JUDGE

14

15    muh375.fr

16

17

18

19

20

21

22

23

24

25

26