IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAKA MUHAMMAD,

          Plaintiff,                       No. CIV S-07-0375 GEB GGH P

      vs.

DIRECTOR OF CORRECTIONS, et al.,

          Defendants.                FINDINGS & RECOMMENDATIONS

                                  /

I.  Introduction

          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's August 15, 2008, motion for a temporary restraining order.  Also pending is plaintiff's related August 26, 2008, motion to stay his transfer from California State Prison-Solano (CSP-Solano).

          On September 8, 2008, defendants filed a response to plaintiff's motion for injunctive relief.  After carefully considering the record, the court recommends that plaintiff's motions be denied.

II.  Legal Standards for Injunctive Relief

          The legal principles applicable to a request for preliminary injunctive relief are well established.  "The traditional equitable criteria for granting preliminary injunctive relief are

1   (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff

2   if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4)

3   advancement of the public interest (in certain cases)." Dollar Rent A Car v. Travelers Indem.

4   Co., 774 F.2d 1371, 1374 (9th Cir. 1985). The criteria are traditionally treated as alternative

5   tests. "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates

6   'either a combination of probable success on the merits and the possibility of irreparable injury or

7   that serious questions are raised and the balance of hardships tips sharply in his favor.'" Martin

8   v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis &

9   Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975)). The Ninth

10  Circuit has reiterated that under either formulation of the principles, if the probability of success

11  on the merits is low, preliminary injunctive relief should be denied:

12          Martin explicitly teaches that "[u]nder this last part of the
            alternative test, even if the balance of hardships tips decidedly in
13          favor of the moving party, it must be shown as an irreducible
            minimum that there is a fair chance of success on the merits."

14

15  Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting

16  Martin, 740 F.2d at 675).

17  Analysis

18          On January 22, 2008, plaintiff filed a motion for injunctive relief in the instant

19  action claiming that he was forced to sleep on a contaminated mattress. On July 30, 2008, an

20  evidentiary hearing was held as to this motion. Plaintiff appeared in pro se. Defendants were

21  represented by Deputy Attorney General Ellen Hung. On August 6, 2008, the court

22  recommended that plaintiff's January 22, 2008, motion for injunctive relief be denied. On

23  September 25, 2008, the district court adopted these findings and recommendations.

24          In the pending motion for injunctive relief filed August 15, 2008, plaintiff alleges

25  that on August 13, 2008, Correctional Counselor Romero told him that Attorney Hung had told

26  prison officials at CSP-Solano to transfer plaintiff away frm that prison. Plaintiff suggests that

1   this proposed transfer was in retaliation for his prosecution of the instant action and, in particular,

2   the January 22, 2008, motion for injunctive relief.  Plaintiff's August 26, 2008, motion to stay

3   contains the same allegations.

4            In their opposition filed September 8, 2008, defendants state that plaintiff's

5   proposed transfer is not in retaliation for his legal activities.  In support of this claim, defendants

6   refer to the declaration of CSP-Solano Facility Captain Flores who states that retrofit work is

7   planned for CSP-Solano.  Opposition, Exhibit A, ¶ 3.  To accommodate the retrofit work, 120

8   inmates classified as eligible for Close Custody Level II and Medium A Level II had to be

9   processed for transfer to a different prison.  Id., ¶ 4.  A partial list of inmates for potential transfer

10  from CSP-Solano was generated by the Classification Services Unit (CSU) at California

11  Department of Corrections and Rehabilitation (CDCR) headquarters from the inmates'

12  classifications.  Id., ¶ 5.  Plaintiff's name was on this list.  Id.

13           Shortly after August 13, 2008, Correctional Counselor Romero spoke with

14  Litigation Coordinator Lewis regarding whether it would be acceptable to proceed with

15  plaintiff's transfer.  Defendants' Opposition, Exhibit C, Romero Declaration, ¶ 8.  Ms. Lewis

16  advised Romero that she saw no reason that plaintiff could not be processed for transfer, but that

17  she would double check with the Deputy Attorney General assigned to plaintiff's case and get

18  back to him.  Id.  Shortly after August 13, 2008, Ms. Lewis told Romero that she had confirmed

19  with the Deputy Attorney General handling the case that there was no legal basis to prevent the

20  processing of plaintiff's transfer.  Id., ¶ 9.

21           In her declaration attached to the opposition, Deputy Attorney General Hung

22  states that she had no knowledge that plaintiff was being considered for transfer until August 7,

23  2008, when Litigation Coordinator Lewis sent her an email advising that plaintiff's file was

24  being reviewed for a potential transfer.  Hung Declaration, ¶ 3.  Ms. Lewis inquired as to whether

25  there was a reason, due to a court order or other legal issue, that plaintiff could not be transferred

26  while his lawsuit was pending.  Id.  On August 11, 2008, Deputy Attorney General Hung notified

1 Ms. Lewis that there was no court order or legal reason prohibiting plaintiff's transfer during the

2 pendency of his lawsuit, but noted if any future court appearances were required, CDCR would

3 be obligated to transport plaintiff to Sacramento.  Id., ¶ 4.

4            After plaintiff filed his pending motion for injunctive relief, Deputy Attorney

5 General Hung spoke with Ms. Lewis to inquire about the transfer process and why plaintiff was

6 being considered for transfer.  Id., ¶ 5.  Ms. Lewis advised Deputy Attorney General Hung that

7 cell doors at CSP-Solano were to be retrofitted and this required transferring inmates with

8 qualifying classification scores for population control.  Id.  Plaintiff's classification score made

9 him eligible for a transfer.  Id.

10            Allegations that prison officials transferred a prisoner in retaliation for legal

11 activities states a colorable claim for relief.  See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.

12 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five

13 basic elements: 1) an assertion that a state actor took some adverse action against an inmate, 2)

14 because of, 3) that prisoner's protected conduct, and that such action, 4) chilled the inmates's

15 exercise of his First Amendment rights, and, 5) the action did not reasonably advance a

16 legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

17            In the instant case, the record demonstrates that the decision to transfer plaintiff

18 was not made in retaliation for his legal activities.  Rather, the decision to transfer plaintiff was

19 based on the need to transfer inmates in order to accommodate retrofitting occurring at CSP-

20 Solano.  The proposed transfer reasonably advanced a legitimate correctional goal.  By simply

21 rasing the contemporaneous nature of the proposed transfer and plaintiff's previous motion, and

22 in light of the record, plaintiff does not raise even serious questions about retaliation.   Plaintiff's

23 motions should be denied.

24            Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's

25 August 15, 2008, motion for a temporary restraining order (# 62) and August 26, 2008, motion to

26 stay his transfer (#68) be denied.

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3  days after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6  shall be served and filed within ten days after service of the objections.  The parties are advised

7  that failure to file objections within the specified time may waive the right to appeal the District

8  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9  DATED: November 21, 2008

10                                          /s/ Gregory G. Hollows

11                                          _____
                                            UNITED STATES MAGISTRATE JUDGE

12

13
    muh375.fr(2)
14

15

16

17

18

19

20

21

22

23

24

25

26