IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAKA MUHAMMAD,

    Plaintiff,                    No. CIV S-07-0375 GEB GGH P

    vs.

DIRECTOR OF CORRECTIONS, et al.,

    Defendants.             ORDER

_____/

I. <u>Introduction</u>

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the second amended complaint as to claims that defendants' refused to replace plaintiff's mattress which contained bodily fluid stains.

        On November 25, 2008, plaintiff filed an "emergency motion for a temporary restraining order," for single cell status alleging that prison staff are forcing plaintiff to be in cells with prisoners who eat pork and are not mentally stable, in retaliation for his legal action.

II. <u>Protective Order</u>

        The court construes plaintiff's motion for injunctive relief as a motion for a protective order. Local Rule 72-302 of the Eastern District of California permits magistrate judges to handle all aspects of a prisoner's case short of jury trial. It has also been interpreted as

1

1  authorizing magistrate judges to issue orders under § 636(b)(1)(A) for non-dispositive motions or
2  motions not involving injunctive relief.  <u>See</u> <u>also</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 673,
3  100 S. Ct. 2406, 2411 (1980) (magistrate judge may hear any pretrial matter except "dispositive"
4  motions).
5           The alleged activity has nothing to do with the claim in the operative complaint.
6  Rather, this "tro" is typical of plaintiff/prisoners who attempt to have the court regulate in every
7  way, every day, the terms and conditions of plaintiff's confinement simply because they are "in
8  court" and  regardless of the relation of the activity desired to be stopped with the claim in the
9  complaint.
10          Clearly, none of the requests addressed in plaintiff's motion seek dispositive relief
11 on the merits of the complaint.  The motions are addressed to procedures that the parties must
12 utilize in litigating this case.  <u>See</u> <u>United States v. Flaherty</u>, 666 F.2d 566, 586 (1st Cir. 1981): "A
13 pretrial matter within the magistrate's jurisdiction would thus seem to be a matter unconnected to
14 issues litigated at trial and not defined with respect to the time of trial."  Neither do the rulings
15 herein involve injunctive relief.
16          As in nearly all rulings of magistrate judges pursuant to 28 U.S.C. § 636(b)(1)(A),
17 parties are told to do something or not do something.  For example, in typical discovery motions,
18 parties are compelled to answer interrogatories, answer a question or produce a document despite
19 a claim of privilege, attend a deposition at a certain tine or place, be compelled to undergo a
20 medical examination, pay costs associated with discovery in a cost-shifting sense.  No one would
21 think of asserting that such non-dispositive orders are invalid because they command or disallow
22 a certain activity.  Therefore, the fact that parties are directed in their activities by a magistrate
23 judge, cannot, without more, transform the matter at hand into an "injunctive" relief situation
24 governed by § 636(b)(1)(B).  <u>See</u> e.g., <u>Grimes v. City and County of San Francisco</u>, 951 F.2d 236
25 (9th Cir. 1991) (magistrate judge may compel a party to pay prospective sanctions of $500.00 per
26 day during period for non-compliance with discovery orders); <u>Rockwell Int. Inc. V. Pos-A-</u>

1  Traction Indus., 712 F.2d 1324, 1325 (9th Cir. 1983) (magistrate judge had jurisdiction to order
2  witnesses to answer questions); United States v. Bogard, 846 F.,2d 563, 567 (9th Cir. 1988)
3  superseded by rule on unrelated matter, Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174
4  (9th Cir. 1996) (magistrate judge may deny requests to see jury selection materials); New York v.
5  United States Metals Roofing Co., 771 F.2d 796 (3rd Cir. 1985) (magistrate judge may prevent a
6  party from releasing discovery information to the public; specifically held not to be an injunction
7  beyond the authority of a magistrate judge); Affelt v. Carr, 628 F. Supp. 1097, 1101 (N.D. Oh.
8  1985) (issuance of gag orders and disqualification of counsel are duties permitted to a magistrate
9  judge.).  It is only where the relief sought goes to the merits of plaintiff's actions or to complete
10 stays of an action are orders under § 636(b)(1)((A) precluded.  See e.g. Reynaga v. Camisa, 971
11 F.2d 414 (9th Cir. 1992); compare United States Metals etc., 771 F.2d at 801 (orders which
12 restrain or direct the conduct of the parties are not to be characterized as an appealable injunction
13 beyond the authority of the magistrate judge unless the restraint goes to the merits of the action).
14 In other words, a motion for injunctive relief must relate to the allegations in the complaint.  If
15 there is no relation, it is not an injunctive relief situation.  A party seeking preliminary injunctive
16 relief "must necessarily establish a relationship between the injury claimed in the party's motion
17 and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th
18 Cir.1994).  In other words, plaintiff must seek injunctive relief related to the merits of his
19 underlying claim.
20          Moreover, the rule that governs interlocutory injunctions, Fed. R. Civ. P. 65, also
21 indicates that the matters at issue have to be encompassed by the complaint, e.g., provision which
22 allows the hearing on preliminary injunction to be accelerated into a trial on the merits,
23 preserving the right to jury trial if otherwise appropriate, making evidence received at the hearing
24 on preliminary injunction admissible at trial.  None of the provisions would make sense if
25 disputes outside the complaint, and on which no trial by definition will be had, could be
26 considered as proceedings for injunctions.  In addition, the standards for granting injunctions are

much different than the standards applicable to protective orders.  Applying established standards on the need to grant an injunction only in extraordinary circumstances, absence of legal remedy, balance of hardships, irreparable harm, and so forth are foreign to resolution of discovery and other procedural disputes which crop up in the course of a litigation.

In the instant case, plaintiff's request does not go the merits of plaintiff's action. Accordingly, this matter may be handled by court order.

III.  Retaliation

Retaliation by prison officials for the exercise of a prisoner's constitutional right of access to the courts violates the federal constitution.  Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Black v. Lane, 22 F.3d 1395, 1402 (7th Cir. 1994); Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct.  Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989); Rizzo 778 F.2d at 532.  The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory.  Pratt at 806 (citing Rizzo at 532).  Verbal harassment alone is insufficient to state a claim.  See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."  Frazier v. Dubois, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).

In Pratt, the Ninth Circuit concluded that in evaluating retaliation claims, courts should defer "to prison officials in the evaluation of proffered legitimate penological reasons for

conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (citing Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995)).

      Plaintiff's motion contains only a few conclusory allegations regarding retaliation. Plaintiff simply describes a situation he disagrees with and concludes it is in retaliation for his current action. In the past, this court conducted a hearing regarding plaintiff's allegations of a contaminated mattress and ordered further briefing when plaintiff alleged a prison transfer as retaliation. In both instances, the temporary restraining orders were denied. In light of the record and plaintiff's current lack of evidence, plaintiff's motions must be denied.

      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for an emergency temporary restraining order filed November 25, 2008 (#75), correctly construed as a motion for a protective order, is denied.

DATED: January 22, 2009                                            /s/ Gregory G. Hollows

                                                               UNITED STATES MAGISTRATE JUDGE

ggh: ab
muha0375.po