1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SHAKA MUHAMMAD,

11            Plaintiff,                    No. CIV S-07-0375 GEB GGH P

12       vs.

13   DIRECTOR OF CORRECTIONS, et al.,

14            Defendants.                   ORDER

15   _____/

16            Plaintiff is a prisoner proceeding pro se with a civil rights action pursuant to 42

17   U.S.C. § 1983.  This action proceeds on the Second Amended Complaint against defendants

18   Hines and Noble as to plaintiff's Eighth Amendment claims that he was compelled, in 2006, to

19   sleep on a contaminated mattress at California State Prison-Solano (CSP-Solano).

20            The matters currently pending before the court are: (1) plaintiff's motions to

21   compel discovery (Dockets 84 and 86); (2) plaintiff's "motions for injunctive relief" (Dockets

22   77, 79, 80, 85 and 90); and (3) defendants' motion for summary judgment (Docket 89).  For the

23   following reasons, the court denies plaintiff's motions but accords plaintiff additional time within

24   which to further brief his claim he was denied access to the courts and to respond to defendants'

25   motion for summary judgment.

26   ///

1  I. <u>PLAINTIFF'S MOTION FOR DISCOVERY</u>

2         The discovery deadline in this action was May 29, 2009.  Docket 83.  As set forth

3  in the court's order filed January 28, 2009 (Docket 83, ¶ 1) (emphasis added):

4         The parties may conduct discovery until May 29, 2009.  Any motions necessary to
          compel discovery shall be filed by that date.  *All requests for discovery pursuant*
5         *to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior*
          *to that date.*

6

7         On April 7, 2009, plaintiff filed a "Motion for Discovery" seeking an order of this

8  court compelling defendants to produce thirteen separate categories of documents pursuant to

9  Fed. R. Civ. P. 34.[1]  Docket 84.  Although a proof of service upon the court, dated April 3, 2009,

10 was attached to the motion, id. at 3, neither the requests for production nor the motion were

11 served upon defendants.  Decl. of Deputy Attorney General Ellen Y. Hung ("Hung Decl."),

12 Docket 87-2, at ¶¶4, 5.  However, upon receiving the court's electronic notification of this filing,

13 defendants prepared and served, on May 15, 2009, their response to plaintiff's production

14 requests, including some documents.  Id. at ¶¶ 6, 7; Exh. A.

15        Plaintiff thereafter filed, on May 29, 2009 (the discovery deadline), a "Motion for

16 an Order Compelling Discovery."  Docket 86.  This motion, made pursuant to Fed. R. Civ. P.

17 37(a), asserts that defendants interposed improper objections and failed to produce all requested

18 documents, and seeks $1000 sanctions as plaintiff's reasonable expenses in pursuing this matter.

19 The exhibits attached to this motion include a "rewrite" (rather than a copy) of the original

20 thirteen production requests, essentially setting forth the same requests.[2]

21 _____

22      [1]  The motion also references Fed. R. Civ. P. 33, but no specific interrogatories are
    referenced or included.

23      [2]  Plaintiff also asserts that defendants failed fully to answer interrogatories, but no
24  interrogatories are attached to this motion, and apparently none were propounded on defendants.
    Hung Decl., at ¶¶ 8, 9.
25      Also attached are three pages, each entitled an "Affidavit of Truth" and signed by
    plaintiff, which allege certain pertinent facts, e.g., "On April 14, 2009 in front side of Facility I
    Yard plaintiff saw 5 mattress[es] with stains unknown just in the trash" (Docket 86, at 10).
26  Although plaintiff does not state why he has included these affidavits, it is reasonable to infer

2

1    Defendants' opposition to plaintiff's discovery motion is well taken.

2    Notwithstanding the court's order that discovery requests be served on the opposing party no

3    fewer than sixty days before May 29, 2009 (no later than March 30, 2009), plaintiff *never served*

4    his requests upon defendants.  Even if the court were to construe its April 7, 2009 electronic

5    notification to defendants of plaintiff's motion and requests as "service," such notice would be

6    untimely.[3]  Moreover, review of the substance of defendants' responses and produced documents

7    demonstrates adherence to the Federal Rules of Civil Procedure.  The objections interposed, e.g.,

8    irrelevance, overbreadth, and "not within defendants' possession, custody or control," appear

9    valid; plaintiff does not assert otherwise, alleging only generally that "defendants failed to and

10   refused to produce items plaintiff requested (See Exhibit A [the production requests]) [and] to

11   answer fully . . ."  Docket 86, at 1.

12   Accordingly, plaintiff's motions for discovery and sanctions will be denied.

13   II.  PLAINTIFF'S "MOTIONS FOR INJUNCTIVE RELIEF"

14   The court notes initially that it has denied two of plaintiff's prior motions for

15   injunctive relief.  On September 25, 2008, the district court adopted the undersigned's findings

16   and recommendation, after evidentiary hearing, that plaintiff's motion for preliminary injunction

17   (based on allegations that he was forced to sleep on a contaminated mattress) be denied.  Dockets

18   72, 60, 27.  Thereafter, on December 24, 2008, the district court adopted the undersigned's

19   further findings and recommendation that plaintiff's motion for temporary restraining order, to

20   stay his proposed transfer from CSP-Solano, be denied.  Dockets 81, 73, 62.

21   Currently pending is plaintiff's November 17, 2009 motion for "Exigent

22   Restraining Order to Have Plaintiff Placed in a Cell by Himself,"  Docket 90, at 1, as well as four

23

24   that he is challenging the veracity of defendants' discovery responses.  However, such factual
     disputes are properly raised in response to defendants' motion for summary judgment or at trial.

25

26   [3]  Court permission is not necessary to propound discovery requests, which should not be
     filed with the court unless, and until, they are at issue.

prior filed "motions for injunctive relief," Dockets 77, 79, 80, 85.  For the following reasons, the court construes each pending matter as a request for protective order.

     A.  <u>MOTIONS FOR PROTECTIVE ORDERS</u>

       The court construes plaintiff's motions for injunctive relief as motions for protective orders, and therefore properly before the undersigned for disposition by order.  Local Rule 302 of the Eastern District of California authorizes magistrate judges to handle all aspects of a prisoner's case short of jury trial.  This rule reflects the contours of magistrate judge authority established by Congress.  Pursuant to Section 636, Title 28, United States Code, magistrate judges may determine any pretrial matter unless it is "dispositive" to the action, see <u>United States v. Raddatz</u>, 447 U.S. 667, 673, 100 S. Ct. 2406 (1980), or seeks injunctive relief of the same character as that which may be finally granted by the action, see <u>De Beers Consolidated Mines, Ltd. v. United States</u>, 325 U.S. 212, 219-200, 65 S.Ct. 1130 (1945).  See 28 U.S.C. § 636(b)(1)(A).

       A proper motion for injunctive relief must relate to the allegations of the complaint and seek an outcome that may ultimately be available in the action.  If there is no such relation, injunctive relief is not properly sought.  "[T]he purpose and effect of the injunction is to provide security for performance of a future order which may be entered by the court."  <u>De Beers</u>, at 219-220.  "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir.1994) (affirming district court's order denying without hearing plaintiff's motion for preliminary injunction on the ground that it had "nothing to do with preserving the district court's decision-making power over the merits of [plaintiff's] 42 U.S.C. § 1983 lawsuit") (citation omitted); cf., <u>State of New York v. United States Metals Refining Co.</u>, 771 F.2d 796, 801 (3rd Cir. 1985) (affirming district court's order granting preliminary injunction because relief requested was also available to the court pursuant to final judgment, making the distinction that "this is not a case where the preliminary injunction

4

1   'deals with a matter lying wholly outside the issues in the suit,' <u>De Beers</u>, 325 U.S. at 200 []").

2   Rule 65, Federal Rules of Civil Procedure, governing requests for injunctive relief, underscores

3   this relevance requirement, pursuant to provisions allowing the hearing on preliminary injunction

4   to be accelerated into a trial on the merits, preserving the right to jury trial if otherwise

5   appropriate, and making evidence received at the hearing on preliminary injunction admissible at

6   trial.  None of these provisions would make sense if disputes outside the complaint, and on

7   which no trial will be had, could be considered as proceedings for injunctive relief.

8         Accordingly, since matters appropriate for injunctive relief (and therefore

9   expressly outside the dispositive authority of the magistrate judge) are limited to the merits of an

10  action, see, e.g., <u>Reynaga v. Camisa</u>, 971 F.2d 414, 416 (9th Cir. 1992) (orders pursuant to §

11  636(b)(1)(A) may not include "motions for injunctive relief"), it follows that *improper* requests

12  for injunctive relief, addressing matters extraneous to the complaint, may be addressed and

13  finally determined by the magistrate judge.  Such matters typically filed by plaintiff/prisoners

14  attempt to have the court regulate every term and condition of their confinement simply because

15  they are "in court," regardless of the relation of the currently challenged activity to the claims set

16  forth in the complaint.

17       B.  "<u>MOTION FOR EXIGENT RESTRAINING ORDER" (DOCKET 90)</u>

18        Plaintiff's most recent "motion for exigent restraining order" (Docket 90) does not

19  go the merits of plaintiff's complaint.  Plaintiff alleges that prison guard T. Frietas (not a

20  defendant in this action) "is using overt methods to have Plaintiff moved out of Building 2," and

21  seeks a temporary restraining order requiring that plaintiff  "not [] be moved," or "be allowed to

22  make compatibility moves," or be "placed in the cell by myself."  Id. at 2.  The motion alleges

23  that Frietas made improper statements to plaintiff and denied his requests to be moved,

24  demonstrating intimidation, racism or discrimination, in violation of 15 Cal. Code. Regs. § 3391

25  (setting forth standards of conduct for corrections employees), and in response to plaintiff "filing

26  litigation."  Plaintiff states that he made a "citizen's complaint" against Frietas in August and/or

1   October 2009, as provided for by 15 U.S.C. § 3391, and Cal. Penal Code § 832.5, and that he

2   filed a Form 602 appeal challenging Frietas' allegedly improper statements.  Like plaintiff's

3   November 25, 2008 "emergency motion for a temporary restraining order" to obtain single cell

4   status based on the allegation that prison staff were forcing plaintiff, in retaliation for his legal

5   action, to cell with prisoners who eat pork and are mentally unstable (Docket 75), also construed

6   as a request for protective order (Docket 82), the instant motion is unrelated to the allegations of

7   plaintiff's complaint and will be construed as a motion for protective order.

8          The fact that plaintiff challenges the conduct of a nonparty and seeks relief on

9   matters outside the complaint weighs against plaintiff's request for a protective order.  The court

10  has no jurisdiction to issue an order against individuals or entities that are not parties to the

11  underlying litigation, Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S.Ct.

12  1562 (1969), absent extraordinary circumstances not present here, see 28 U.S.C. 1651 ("All

13  Writs Act"); Ex parte Fahey, 332 U.S. 258, 259-260, 67 S.Ct. 1558 (1947) ("drastic and

14  extraordinary remedies . . . reserved for really extraordinary causes.")[4]

15         The only correlation that may be inferred between this motion and the underlying

16  litigation is a possible retaliation claim,[5] viz., plaintiff's claim that Frietas "discriminat[ed]

17

18         [4]  Moreover, "the All Writs Act does not operate to confer jurisdiction and may only be
      invoked in aid of jurisdiction which already exists." Malone v. Calderon, 165 F.3d 1234, 1237
19    (9th Cir.1999).  "A writ of mandamus is appropriately issued only when (1) the plaintiff's claim
      is clear and certain; (2) the defendant official's duty to act is ministerial, and so plainly prescribed
20    as to be free from doubt; and (3) no other adequate remedy is available." Barron v. Reich, 13
      F.3d 1370, 1374 (9th Cir.1994) (internal citations and quotations omitted).

21         [5]  Retaliation by prison officials for the exercise of a prisoner's constitutional right of
      access to the courts violates the federal constitution. Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.
22    1995); Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Black v. Lane, 22 F.3d 1395,
      1402 (7th Cir. 1994); Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995); Rizzo v. Dawson,
23    778 F.2d 527, 532 (9th Cir. 1985).  In order to state a retaliation claim, a plaintiff must plead
      facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or
24    "motivating" factor behind the defendant's conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d
      1310, 1314 (9th Cir. 1989); Rizzo 778 F.2d at 532.  The plaintiff must also plead facts which
25    suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory.
      Pratt at 806 (citing Rizzo at 532).  Verbal harassment alone is insufficient to state a claim.  See
26    Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  However, even threats of bodily

1   against plaintiff for filing litigation." Docket 90, at 1. However, this singular reference appears

2   only to describe plaintiff's interactions with Frietas, unrelated to the instant action, that plaintiff

3   found offensive, disrespectful, or contrary to plaintiff's placement requests. This scenario fails to

4   present a claim for retaliation or any other basis for seeking a protective order in the instant

5   litigation. The motion will therefore be denied.

6       C.  <u>ADDITIONAL MOTIONS (DOCKETS 77, 79, 80, 85)</u>

7           The following outstanding motions, which also request some form of injunctive

8   relief, are also construed as motions for protective order for the reasons set forth above.

9           – Docket 77 (filed December 15, 2008), entitled "Emergency Injunction and

10   Motion to Remove Plaintiff from CDCR Custody," repeats many of the allegations previously

11   addressed by this court in its findings and recommendations filed November 21, 2008, viz., that

12   Deputy Attorney General Hung conspired with prison officials to propose the transfer of plaintiff

13   out of CSP-Solano as "retaliation." Plaintiff also asserts that he is not receiving his mail (and

14   that his mail is being censored and curtailed), and denied the practice of his Muslim faith, in

15   violation of his First Amendment rights. Plaintiff seeks, without authority, his "removal from

16   CDCR custody." Since these matters are outside the gravamen of the instant complaint that

17   plaintiff was required to sleep on a contaminated mattress, and fail to present any grounds for

18   extraordinary relief, the motion will be denied.

19           – Docket 79 (filed December 17, 2008), entitled "Motion for Injunction and

20   Motion to Remove from CDCR Custody Due to Persecution and Torture of Plaintiff," and citing

21   18 U.S.C. § 2340 and 2340A(b) (defining the crime of torture, and the court's jurisdiction

22

23   injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing
the act itself. <u>See</u> <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of

24   hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation
because of the exercise of the prisoner's constitutional rights." <u>Frazier v. Dubois</u>, 922 F.2d 560,
562 (n.1) (10th Cir. 1990). Moreover, in <u>Pratt</u>, the Ninth Circuit concluded that in evaluating

25   retaliation claims, courts should defer "to prison officials in the evaluation of proffered legitimate
penological reasons for conduct alleged to be retaliatory." <u>Pratt</u>, 65 F.3d at 807 (citing <u>Sandin v.</u>

26   <u>Conner</u>, 515 U.S. 472, 115 S. Ct. 2293 (1995)).

1  thereto) again seeks plaintiff's removal from CDCR custody, based on the alleged conspiracy

2  between Deputy Attorney General Hung and prison staff to transfer plaintiff or place him in a

3  cell "with someone plaintiff is not compatible with so plaintiff can get hurt or hurt someone,"

4  and because plaintiff has been placed on a "hit list" by prison guards Orrick and Salear [sp]

5  (neither are defendants in this case).  Again, plaintiff's allegations fall outside the instant

6  litigation and seek unsupportable relief; accordingly, the motion will be denied.

7            – Docket 80 (filed December 22, 2008), entitled "Motion to Remove Plaintiff

8  from CDCR Custody Due to Torture, Retaliation and Persecution," again references the alleged

9  conspiracy between Deputy Attorney General Hung and prison staff to transfer plaintiff to

10 another state facility, and again asserts denial of plaintiff's First Amendment rights due to

11 interference with his mail and exercise of his Muslim faith, and attributes these matters to

12 "retaliation and persecution due to this pending litigation."  For the same reasons set forth above,

13 plaintiff fails to state a claim for retaliation, or any other matter warranting extraordinary relief

14 within the confines of this litigation.  This motion will also be denied.

15           – Docket 85 (filed April 9, 2009), entitled "Motion for Recusement of the

16 Attorney Generals Office[;] Motion for Removal of Plaintiff from CDCR in Violation of

17 Convention Against Torture, 18 U.S.C. 2340A(b)," based on allegations that plaintiff's requests

18 for transfer to the federal prison system have been denied, that CCI staff members Racklin and

19 Sanchez (not defendants herein) are retaliating/torturing plaintiff for filing Form 602 allegations

20 of conspiracy between prison staff and Deputy Attorney General Hung, that such retaliation has

21 included the taking of legal documents and religious material from plaintiff's cell on October 17,

22 2008, and denial of access to the law library.  Plaintiff seeks, inter alia, recusal of the California

23 Attorney General's Office, and a "federal system placement transfer" pursuant to Cal. Penal

24 Code § 2911 and 15 Cal. Code Regs. § 3379 [authorizing such transfers on an individual basis].

25           Plaintiff's repeated efforts to recuse the California Attorney General's Office are

26 without legal support.  The court has reviewed plaintiff's claims of conspiracy between the AG's

1    office and prison officials, and concluded that the record demonstrates the (apparently

2    unexecuted) decision to transfer plaintiff to another state facility was made not in retaliation for

3    his legal activities, but based on a legitimate correctional need to transfer inmates in order to

4    retrofit CSP-Solano.  See Docket 73.  These allegations are therefore without merit.

5            Further, plaintiff has no constitutional right to incarceration in the prison of his

6    choice.  McKune v. Lile, 536 U.S. 24, 39, 122 S.Ct. 2017 (2002).  California statutory

7    authorization to grant or deny a prisoner's request for transfer to a federal prison lies in the sound

8    discretion of state prison officials.  See, e.g., People v. Lara, 155 Cal .App. 3d 570, 575-76

9    (1984).  Plaintiff therefore fails to state a claim in support of his request to be transferred to the

10   federal prison system.

11           Prisoners do, however, have a constitutional right of access to the courts.  See

12   Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley

13   v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison

14   grievance procedures); Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994); Ching v. Lewis, 895

15   F.2d 608, 609 (9th Cir. 1989) (per curiam).  To establish a violation of the right of access to the

16   courts, a prisoner must establish that he has suffered an actual injury, a jurisdictional requirement

17   that flows from standing doctrine and may not be waived.  See Lewis, 518 U.S. at 349; Madrid v.

18   Gomez, 190 F.3d 990, 996 (9th Cir. 1999).  An "actual injury" is "'actual prejudice with respect

19   to contemplated or existing litigation, such as the inability to meet a filing deadline or to present

20   a claim.'" Lewis, 518 U.S. at 348; see also Madrid, 190 F.3d at 96; Keenan v. Hall, 83 F.3d

21   1083, 1094 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998); Vandelft, 31 F.3d at 796;

22   Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1990) (per curiam).

23           Although plaintiff has attached forty pages of supporting documents, the court is

24   unable to ascertain which, if any, may be applicable to a "denial of access" claim in the instant

25   litigation.  The court will therefore permit plaintiff an opportunity to clarify and refine this claim.

26   If plaintiff pursues this matter, he must demonstrate that he has suffered an actual injury, as

1  defined above, in this litigation.

2          In summary, plaintiff's motions set forth in Dockets 77, 79, and 80, will be

3  denied; plaintiff's motion set forth in Docket 85 will be denied without prejudice to granting

4  plaintiff further opportunity to articulate his claim that he has been denied access to the courts in

5  this litigation.

6  III.  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

7          On October 2, 2009, defendant filed and served a motion for summary judgment

8  pursuant to to Rule 56, Federal Rule of Civil Procedure.  Plaintiff has not responded to the

9  motion, and the deadline for doing so has passed.

10          "A district court may not grant a motion for summary judgment simply because

11 the nonmoving party does not file opposing material, even if the failure to oppose violates a local

12 rule." Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. 1994) (citing Henry v. Gill Industries, Inc.,

13 983 F.2d 943, 950 (9th Cir. 1993)).  However, where a local rule "does not require, but merely

14 permits the court to grant a motion for summary judgment, the district court has discretion to

15 determine whether noncompliance should be deemed consent to the motion." Brydges, 18 F.3d

16 at 652.

17          Local Rule 230(l) provides in part (emphasis added):

18          Opposition, if any, to the granting of the motion shall be served and filed by the
           responding party not more than twenty-one (21) days after the date of service of
19          the motion.  A responding party who has no opposition to the granting of the
           motion shall serve and file a statement to that effect, specifically designating the
20          motion in question.  Failure of the responding party to file an opposition or to file
           a statement of no opposition *may be deemed a waiver of any opposition to the*
21          *granting of the motion and may result in the imposition of sanctions*.

22

23 Further, Local Rule 110 provides that failure to comply with the Local Rules or any order of this

24 court "may be grounds for imposition by the Court of any and all sanctions authorized by statute

25 or Rule or within the inherent power of the Court."

26 \\\\\\

1         The court will grant plaintiff additional time within which to respond to

2 defendants' motion for summary judgment.  Plaintiff is informed that failure to file an opposition

3 will be deemed a statement of non-opposition and shall result in a recommendation that this

4 action be dismissed pursuant Fed. R. Civ. P. 41(b).

5 <u>CONCLUSION</u>

6         Accordingly, IT IS HEREBY ORDERED that:

7         1.  Plaintiff's motions for discovery and sanctions filed April 7, 2009, and May

8 29, 2009 (Dockets 84 and 86), are denied.

9         2.  Plaintiff's motion for an "exigent restraining order" filed November 17, 2009

10 (Docket 90), construed as a motion for a protective order, is denied.

11         3.  Plaintiff's motions for injunctive relief, construed as motions for protective

12 order (Dockets 77, 79, 80) are denied.

13         4.  Plaintiff's remaining motion for injunctive relief, also construed as a motion

14 for protective order (Docket 85), is denied without prejudice to plaintiff filing, within 21 days

15 after the filing date of this order, a new motion for protective order clearly articulating how his

16 alleged denial of access to the courts (e.g., destruction of legal property, denial of access to law

17 library) resulted in actual injury to plaintiff in this litigation.

18         5.  Plaintiff may also file, within 21 after the filing date of this order, an

19 opposition to defendants' motion for summary judgment, or statement of nonopposition thereto.

20 Failure timely to file a responsive pleading shall be construed as a statement of nonopposition to

21 the motion for summary judgment.

22         SO ORDERED.

23 DATED: January 5, 2010                 /s/ Gregory G. Hollows

24                            UNITED STATES MAGISTRATE JUDGE

25

26